THE STATE OF OHIO, APPELLEE, *v.* COLEMAN, APPELLANT.

(No. C-76878—Decided August 2, 1978.)

Mr. *Simon L. Leis, Jr.,* and Mr. *Leonard Kirschner,* for appellee.

Mr. *Thomas F. Lazaron,* for appellant.

BLACK, J. The principal question raised in this appeal from an order denying Coleman post-conviction relief under R. C. 2953.21 is whether he was entitled to an evidenti-

ary hearing on disputed matters raised by him in an earlier proceeding when he sought modification of his sentence for a drug offense, pursuant to Section 3 of Amended Substitute House Bill No. 300.[1] Section 3 contains provisions for the applicability of the lesser penalty structure of the new drug act. Our conclusion is that under the facts and circumstances of this case, he was not entitled to such a hearing, and we affirm the judgment below.

---

[1]Section 3 of Am. Sub. H. B. No. 300 (136 Ohio Laws 2394) reads as follows:

"Section 3. Notwithstanding Section 4 of this act, this section of this act shall become effective at the earliest time permitted by law. Any person charged, convicted, or serving a sentence of imprisonment for an offense under existing law that would not be an offense on the effective date specified in Section 4 of this act shall have the charge dismissed and the conviction abrogated, shall be finally released from imprisonment, and shall have his records expunged of all information concerning that offense. Any person charged with an offense committed prior to the effective date specified in Section 4 of this act that shall be an offense under this act shall be prosecuted under the law as it existed at the time the offense was committed and any person convicted or serving a sentence of imprisonment for an offense under existing law that would be an offense on the effective date specified in Section 4 of this act but would entail a lesser penalty than the penalty provided for the offense under existing law shall be sentenced according to the penalties provided in this act or have his existing sentence modified in conformity with the penalties provided in this act. Such modification shall grant him a final release from imprisonment if he has already completed the period of imprisonment provided under this act or shall render him eligible for parole release from imprisonment if he has completed a period of imprisonment that would render him eligible for parole under the provisions of this act.

"Courts, the Department of Rehabilitation and Correction, persons responsible for the superintendence of municipal and county jails and workhouses, the Adult Parole Authority, county departments of probation, and any other state or local governmental officer or agency having responsibility for prisoners or parolees shall provide reasonable notice, by publication or otherwise, of the provisions of this section and shall, upon written request from any person so affected by this section, or his attorney, take all action necessary to accomplish the release, modification of sentence, or modification of record required by this section. Such officers and agencies may make further modifications of such records as in their opinion are made necessary by this section."

## I.

On April 12, 1976, after the effective date of Section 3, Coleman was ordered by the Court of Common Pleas of Hamilton County (the sentencing court) to begin serving a sentence of ten to twenty years imposed after his conviction by a jury of possession of heroin for sale in violation of R. C. 3719.20(A), a statute which was repealed as of July 1, 1976. He had just lost his appeal of the conviction to this Court (No. C-75316), during the pendency of which the trial court's judgment and sentence had been stayed. (This heroin conviction is hereinafter referred to as the second conviction.)

On May 5, 1976, Coleman filed *pro se* his first motion for post-conviction relief, in which he claimed the benefits of the lesser penalties available under Section 3. No counsel appeared on his behalf nor was any appointed to represent him in this proceeding. In this first motion, Coleman admitted that he had been convicted (on a date not specified) of possession of marijuana in an unspecified amount. (The marijuana conviction is hereinafter referred to as the first conviction.) He claimed that the first conviction was void and should be expunged, and that the heroin he had in his possession was "approximately *less* than one/sixteen of a micro milligram [*sic*]." (A micromilligram is one billionth of a gram.) He asked for modification of the penalty imposed under the second conviction from ten to twenty years down to a penalty applicable to a felony of the fourth degree.

We hold that this first post-conviction motion was filed under Section 3, and that the procedure designated for such a motion is set forth in Rule 27(C) of the rules of local practice adopted by the sentencing court.[a] Rule 27(C)

---

[a]Local Rule 27(C) of the Court of Common Pleas of Hamilton County reads in full as follows:

"(C) Post Conviction Procedures

"For purposes of implementing Section 3 of Substitute Amended House Bill 300, The 1975 Drug Abuse & Controlled Substance Act, relative to release, modification of sentence, or modification of record, the procedures used shall be the same as those set forth in Revised Code

filled a gap in the mandate of Section 3 (to the effect that the courts "shall, upon written request from any person so affected by this section * * * take all action necessary to accomplish the * * * modification of sentence * * * required by this section") by supplying a procedure whereby prisoners could make the required written request for modification of sentence. The court specified that the procedure should be the same procedure as is set out in R. C. 2953.21.

The prosecuting attorney answered Coleman's first motion, agreeing that Coleman's first conviction was for a drug abuse offense (that is, possession of marijuana in an undesignated amount) and alleging that the amount of heroin in possession under the second conviction was 20.-638 grams.

Thus, Coleman's claim is that he could not be sentenced more severely than for a *fourth* degree felony, under R. C. 2925.11(A) and (C)(1), because the amount of heroin was less than a "bulk amount" (as defined in R. C. 2925.01[E][1]), and his prior drug abuse conviction must be ignored. The prior conviction, he claims, should be either expunged under Section 3 or deemed nonexistent under R. C. 2925.11(D). In opposition, the prosecuting attorney's position is that the applicable penalty is one for a *third* degree felony, under either of two statutes: (1) under R. C. 2925.03(A)(4) and (C)(4) because Coleman had more than a bulk amount of heroin in his possession but no prior conviction for a felony drug abuse offense; or (2) under R. C. 2925.11(A) and (C)(1) because Coleman had less than a bulk amount of heroin in his possession and a prior conviction for a (simple) drug abuse offense. As will be more fully explained below, we conclude that this position is correct. The turning point is whether Coleman's first conviction was properly taken into account.

---

Section 2953.21 *et seq.* All pleadings shall be verified and the petition shall include the charge of which the defendant was convicted, the drug or controlled substance involved in said conviction, the quantity by weight or unit dosage of said drug or controlled substance, any prior conviction related to drug or controlled substances, and the penalty or action which the petitioner is seeking the Court to modify or order.".

On August 17, 1976, the sentencing court journalized its Findings of Fact, Conclusions of Law and Entry Modifying Sentence, in which it modified Coleman's sentence to not less than one year and not more than ten years, having found that Coleman was entitled to a reduction in penalty to that which is applicable to a felony of the *third* degree. The court found that by reason of Coleman's statements in his two pleadings, both of which are verified, he admitted a prior conviction for a drug abuse offense,[a] and that although there was a factual dispute about the amount of heroin Coleman possessed in the second conviction, this is not legally significant because whether it was under or over the bulk amount, the applicable penalty was that for a felony of the third degree.

The court held that an evidentiary hearing was not necessary, and none was held. No appeal was filed from this order.

On October 14, 1976 (about two months later), Coleman filed in the sentencing court his second *pro se* motion for post-conviction relief, this time moving for a "remodifying" of the sentence down to that applicable to a fourth degree felony, claiming there were substantial issues not considered by the sentencing court (whether he was a first offender under the law and whether the quantity of heroin was more than or less than bulk amount). After the prosecuting attorney answered, the court overruled this second post-conviction motion on grounds that no new matters had been brought forth therein and that there was no denial of Coleman's constitutional rights so as to render the judgment void or voidable. Thereafter, Coleman filed his notice of appeal *pro se.*

Counsel was not appointed for Coleman until after he

[a]Thus, Coleman had the benefit of the least penalty, because possession of heroin under the old drug law (R. C. 3719.41 and R. C. 3719.99 [N]) was for less than a year, a penalty which caused the offense to be classified under R. C. 2901.02.(E) and (F) as a misdemeanor. Thus, the prior conviction, if taken into account, is a conviction for a drug abuse offense under R. C. 2925.01(H), and not a *felony* drug offense under R. C. 2925.01(I).

had filed his brief in this appeal setting forth one assignment of error.[4] Appointed counsel alleges four assignments of error.[5]

## II.

We conclude (A) that Coleman was not foreclosed from asserting rights in his second post-conviction motion by the ruling of *State* v. *Perry* (1967), 10 Ohio St. 2d 175; and (B) that in this appeal, he validly raised a question of constitutional significance: that is, whether his due process rights under the Fifth Amendment had been violated because he had been denied an evidentiary hearing on disputed factual matters relevant to his liberty; but (C) that the court did not err in overruling the second post-conviction motion.

## A.

Coleman did not appeal from the adverse judgment of the sentencing court on his first post-conviction motion.

---

[4]Coleman's *pro se* assignment of error states:

"The trial court committed prejudicial error in dismissing appellant's motion for re-modification of sentence, by holding that a previous conviction of a drug offense which is no longer an offense under present law, when making its determination of sentence on his second violation of Ohio's drug laws."

[5]The assignments of error of appointed counsel are as follows:

"*Assignment of Error, First*

"The trial court erred in not holding evidentiary hearing to determine the weight of heroin in the first post conviction as well as second post conviction hearing.

"*Assignment of Error, Second*

"Did the court err in refusing to set aside the record of conviction under H. B. 300, No 3; where such permitted such action, and appellant would have been determined to be a person convicted of a Fourth Degree felony.

"*Assignment of Error: Third*

"The court erred in that it determined there would be no prejudicial effect on rights of appellant as well as where it determined that no evidentiary hearing should not be granted to appellant.

"*Assignment of Error: Fourth*

"The court erred in not noticing its error under Criminal Rule 52 (B) and that such, on motion for remodification is not res adjudicata, where one's substantial constitutional rights under the U. S. Constitution are slighted, resulting in an abuse of discretion by the trial court."

*State* v. *Perry, supra,* holds that under the doctrine of *res judicata,* a final judgment of conviction bars a defendant who did not appeal the judgment from raising in any other post-conviction proceeding any due process claim that was raised or could have been raised at the trial or on appeal. However, as paragraphs 7 and 9 of the *Perry* syllabus demonstrate, the doctrine will be applied only against prisoners who are represented by counsel. Coleman was not represented by counsel at either of the two post-conviction proceedings, and thus, he is not barred from raising on this appeal his claim of due process violation.

B.

While Coleman's rights under Section 3 are statutory and not constitutional, the denial of an evidentiary hearing on his first motion for modification of sentence raised the question of whether he was deprived of his liberty without due process. He was thus entitled on his second post-conviction motion to use the procedure set forth in R. C. 2953.21 *et seq.,* in order to challenge that denial. Paragraph 4 of the syllabus of *State* v. *Perry, supra.*

His liberty was affected by the judgment of the sentencing court on his first motion to the extent of the reduction of the penalty between third degree felonies and fourth degree felonies. That difference is substantial enough to be constitutionally significant.

Coleman's due process rights were implicated in the first post-conviction proceeding by reason of the factual dispute about the amount of heroin in possession under the second conviction. Taking that dispute at its face value, the resolution of it would necessarily determine the reduction of the penalty to which he was entitled. Coleman was thus, by all appearances, entitled to an opportunity to be heard on his first post-conviction motion. *Cf. Morrissey* v. *Brewer* (1972), 408 U. S. 471, 487, *et seq.* (due process rights include a hearing on charges of parole violation); *State* v. *Miller* (1975), 42 Ohio St. 2d 102 (right to confront witnesses in a probation violation); *Goldberg* v. *Kelly* (1970), 397 U. S. 254 (requirement of an evidentiary hearing on whether entitlement of welfare recipients had

been terminated); *Specht* v. *Patterson* (1967), 386 U. S. 605 (requirement of a post-conviction hearing under Colorado's Sex Offenders Act because the act called for a new finding of fact that was not an ingredient of the offense charged); *Georgia Ry. & Electric Co.* v. *Decatur* (1935), 295 U. S. 165 (the right to be heard on a factual dispute affecting property rights).

We conclude that by reason of the existence of these constitutional issues, Coleman was entitled to use R. C. 2953.21 *et seq.* in his second post-conviction proceeding.

## C.

However, we hold that the sentencing court did not err in overruling this second motion, not for the reasons stated in its final entry, but because an evidentiary hearing, if held, could not have led to a different conclusion. As stated earlier, the decisive question is whether the first conviction was properly taken into account. We hold it was, contrary to Coleman's claims.

We are not persuaded that he was entitled to have it expunged under Section 3, because the possession of marijuana is an offense under the new drug act. The only convictions abrogated and expunged under Section 3 are those for "an offense under existing law that would not be an offense" under the new drug act. Possession of marijuana is an offense under either R. C. 2925.03 or R. C. 2925.11, depending upon the amount possessed.

Nor was Coleman entitled under R. C. 2925.11(D)[6] to

---

[6]Divisions (C) (3) and (D) of R. C. 2925.11 read in full as follows:

"(C) Whoever violates this section is guilty of drug abuse: * * *

"(3) If the drug involved is marihuana, drug abuse is a misdemeanor of the fourth degree, unless the amount of marihuana involved is less than one hundred grams, the amount of marihuana resin, or extraction or preparation of such resin, is less than five grams, and the amount of such resin in a liquid concentrate, liquid extract, or liquid distillate form, is less than one gram, in which case drug abuse is a minor misdemeanor.

"(D) Arrest or conviction for a minor misdemeanor violation of this section does not constitute a criminal record and need not be reported by the person so arrested or convicted in response to any inquiries about the person's criminal record, including any inquiries

have the first conviction eliminated from consideration for purposes of sentencing under the provisions of the new drug act. Division (D) states that a conviction for possession of marijuana in such small quantities as to make the violation a minor misdemeanor does not constitute a criminal record for purposes of responding to inquiries about the convicted person's criminal record, "including any inquiries contained in any application for employment, license, or other right or privilege or made in connection with the person's appearance as a witness."

This section does not benefit Coleman, for several reasons. First, it does not state that the minor misdemeanor shall not be taken into account for purposes of imposing the penalty for a subsequent conviction of a drug abuse offense. Whatever may be the purpose or scope of division (D), it does not take a marijuana conviction out of consideration in assessing the penalty for possession of heroin. Second, division (D) is prospective in operation because of the effect of R. C. 1.48, and because it relates only to a "minor misdemeanor violation of *this section,*" not to a violation of the old statute prohibiting possession of marijuana. Third, the sentence for possession of heroin in less than bulk amount is that for a third degree felony "if the offender has previously been convicted of a drug abuse offense." The definition of "drug abuse offense" in R. C. 2925.01(H) includes a violation of a former Ohio law substantially equivalent to R. C. 2925.11 and does not exclude violations which might have been classed as minor misdemeanors under the new law. We hold that the legislature intended that a conviction of a drug abuse offense involving marijuana, however small the quantity, is to be taken into account in imposing penalties for subsequent convictions under the new drug act. If the legislature had intended to decriminalize the possession of small amounts of marijuana *in toto,* it would have said so.

contained in any application for employment, license, or other right or privilege or made in connection with the person's appearance as a witness."

Thus, at the time of the modification of sentence under the first post-conviction proceeding, Coleman stood convicted of a prior drug abuse offense, as a matter of law. No evidentiary hearing was needed to reach this result.

If the second conviction was for the possession of heroin in more than bulk amount (as claimed by the state), in violation of R. C. 2925.03(A)(4), the "lesser penalty" to which he was entitled was, under Division (C)(4), that for a third degree felony.[7] If the second conviction was for possession of heroin in less than bulk amount (as claimed by Coleman), in violation of R. C. 2925.11(A), the "lesser penalty" to which he was entitled was, under Division (C)(1), also that for a third degree felony. Thus, the amount of heroin he possessed under the second charge was not a determinative factor in setting the lesser penalty. The factual dispute about the amount of heroin was, as a matter of law, neither relevant nor material to the final judgment. A hearing on this point would have been superfluous.[8]

None of the assignments of error has merit. Finding no prejudicial error, we affirm the judgment below.

*Judgment affirmed.*

BETTMAN, P. J., and CASTLE, J., concur.

---

[7]Although Division (C)(4) of R. C. 2925.03 refers to the imposition of a sentence of "actual incarceration" of eighteen months that penalty could not be imposed on Coleman because it would be a greater penalty than the penalty in the existing law under which he was convicted. Actual incarceration deprives the offender of suspension of sentence, probation and parole. Such a penalty, if imposed, would violate Section 10, Article I, of the United States Constitution, which prohibits ex post facto laws, and Section 28, Article II, of the Ohio Constitution, which prohibits retroactive laws. Such a penalty would inflict a greater punishment than that applicable when the crime was committed because removal of the possibility of early discharge creates a more onerous standard of punishment. *Lindsey v. Washington* (1937), 301 U. S. 397; generally, 16 American Jurisprudence 2d 734, Constitutional Law, Section 396.

[8]We note that our interpretation of Am. Sub. H. B. No. 300, and particularly Section 3, is at variance with the interpretation of the Court of Appeals for the Eighth District as set forth in *State* v. *Goodnight* (1977), 52 Ohio App. 2d 333.