933 F.2d 1010
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Roosevelt SMOOT, Defendant-Appellant.
 No. 90-3752.
 United States Court of Appeals, Sixth Circuit.
 May 21, 1991.
 
 Before RALPH B. GUY, Jr. and DAVID A. NELSON, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 
 1
 James Roosevelt Smoot, a federal prisoner, appeals the sentence imposed by the district court at his resentencing on drug related charges. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination pursuant to Fed.R.App.P. 34(a), the panel unanimously agrees that oral argument is not necessary. In addition, counsel for all parties have waived oral argument.
 
 
 2
 In a February 1989 jury trial, Smoot was convicted of one count of conspiracy to distribute cocaine in violation of 21 U.S.C. Sec. 846, possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2, and carrying a firearm while drug trafficking in violation of 18 U.S.C. Sec. 924(c). At the original sentencing, the district court departed upward from the sentencing guideline range and sentenced Smoot to five year concurrent sentences on each of the two drug counts and a mandatory five year consecutive sentence on the firearm conviction. Smoot then filed a timely appeal challenging the upward departure. On appeal the court vacated Smoot's sentence and remanded the case for resentencing, finding that the district court's grounds for upward departure were not permissible grounds for an upward departure from the guidelines. See United States v. Robison, 904 F.2d 365, 369-71 (6th Cir.), cert. denied, 111 S.Ct. 360 (1990). At resentencing, the district court found that Smoot's base offense level was twelve and his criminal history category was four, which resulted in a sentencing guideline range of twenty-one to twenty-seven months. The district court imposed a sentence at the upper limit of the guideline range, sentencing Smoot to twenty-seven months imprisonment on the drug counts and imposing a mandatory sixty month sentence on the firearm count. Smoot filed a timely appeal, asserting that the district court erred in calculating his criminal history category. Specifically, he argues that the district court erred in determining that his criminal history category was four and not three when it added one point to his criminal history score based on a 1983 Ohio drug abuse conviction pursuant to U.S.S.G. Secs. 4A1.1 and 4A1.2. Smoot asserts that since the applicable state statute, Ohio Rev.Code Secs. 2925.11(C)(3) and (D) characterizes the offense as a minor misdemeanor which need not be reported as part of a defendant's criminal record, that the offense should not have been considered in calculating his criminal history category.
 
 
 3
 Upon review, we conclude that the district court properly calculated Smoot's criminal history category. Smoot's 1983 conviction pursuant to Ohio Rev.Code Sec. 2925.11(C)(3) is an offense under state law. See State v. Weber, 19 Ohio App.3d 214, 218, 484 N.E.2d 207, 211 (Ohio App.1984); State v. Coleman, 59 Ohio App.2d 295, 303, 394 N.E.2d 1142, 1147 (Ohio App.1978). Moreover, Smoot's 1983 conviction was properly considered by the district court in assessing one additional point toward the calculation of Smoot's criminal history category, because it does not qualify as an expunged record. See U.S.S.G. Secs. 4A1.1 and 4A1.2. The 1983 minor misdemeanor drug abuse conviction squarely falls within the confines of U.S.S.G. Sec. 4A1.2, comment. (n. 10). The Ohio statute attempts to minimize the stigma associated with a minor misdemeanor drug abuse conviction involving a small amount of marijuana by providing that a defendant arrested or convicted of such charges need not reveal the arrest or conviction when asked if he or she has a criminal record. Nonetheless, the conviction is a misdemeanor or petty offense under Ohio law and Smoot did not have the conviction expunged from his record.
 
 
 4
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.