16 F.3d 1219
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Charles HESTER, Petitioner-Appellant,
v.
Anthony BRIGANO, Respondent-Appellee.
 No. 93-3841.
 United States Court of Appeals, Sixth Circuit.
 Jan. 25, 1994.
 
 1
 Before: GUY and SILER, Circuit Judges, and CHURCHILL, Senior District Judge.*
 
 ORDER
 
 2
 Charles Hester, pro se, appeals a district court order dismissing his petition for a writ of habeas corpus, which he filed under 28 U.S.C. Sec. 2254. A certificate of probable cause was granted by the district court by order entered August 26, 1993. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In August of 1989, an Ohio jury found Hester guilty of the aggravated murder of his wife, Janis Hester, and sentenced him to life in prison. Thereafter, Hester filed a petition for post-conviction relief pursuant to Ohio Rev.Code Sec. 2953.21, on the ground that his right to a speedy trial had been violated under the Constitution and under state law. The trial court denied this petition on the basis that this issue could be raised only at trial or on appeal, and was barred by the doctrine of res judicata. Hester filed a direct appeal and the State Court of Appeals affirmed his conviction. Hester also filed a motion for a new trial pursuant to Ohio R.Crim.Proc. 33(A)(2), which the magistrate judge noted in his Report and Recommendation has not yet been ruled upon. The record also contains a delayed appeal to the Ohio Supreme Court. However, the state supreme court overruled Hester's motion for leave to appeal, without comment or discussion of the merits of his claims.
 
 
 4
 In his petition for a writ of habeas corpus, filed April 4, 1991, Hester presented the following arguments: 1) his trial counsel rendered ineffective assistance when he agreed to a waiver of time regarding Hester's right to a speedy trial by signing a document on December 21, 1988, in open court; 2) his counsel was ineffective by failing to assist in a "full evidentiary hearing" to determine the speedy trial issue; 3) his counsel was ineffective by failing to protect his right to a speedy trial; 4) his counsel was ineffective by failing to rebut the prosecution's showing that certain violent acts had occurred between Hester and his wife prior to the time of the murder; 5) his counsel was ineffective by failing to attempt to prove that his wife and her friend had kicked down the door to his apartment immediately before the time of the crime and that the door had not been kicked down by the police several hours prior, on that same evening; 6) his counsel was ineffective by failing to present evidence to rebut the state's evidence that the victim had run from her apartment screaming that Hester had threatened to kill her; and 7) his counsel was ineffective by failing to properly investigate the case, specifically, by failing to question certain police officers that responded to the domestic disturbance call on the evening of the murder.
 
 
 5
 Hester also alleged, in his petition, that prosecutorial misconduct occurred at trial, because: 1) the prosecutor signed a waiver of time with regard to the state's speedy trial statute without fully advising Hester of his rights; 2) the prosecutor failed to disclose to the defense statements made to the police by Monica Calhoun, Cynthia Thornton, and Denise Thomas; and 3) the prosecution "willfully" neglected to disclose certain evidence that was allegedly favorable to the petitioner. Hester also raised as a ground for relief that he was deprived of his right to a speedy trial under state law and under the Fourteenth Amendment and that the trial court abused its discretion during an in camera inspection of state witness Na'Vaughna Wilson, because "it precluded the development of all of the material facts of the petitioner's case...."
 
 
 6
 The matter was referred to a magistrate judge, who determined that Hester had "waived" certain of his ineffective assistance of counsel claims and his claim of abuse of discretion by the trial court. The magistrate judge also found that, notwithstanding his failure to exhaust certain claims of prosecutorial misconduct, the exhaustion requirement should be excused with regard to Hester's claims surrounding the statements of Thornton and Thomas. Upon consideration of timely objections to this report, as well as a de novo review of the report and recommendation, the district court adopted the report and recommendation, but added that Hester had also failed to exhaust his claim that he was denied a speedy trial under state statute, as opposed to his claim that a speedy trial violation had occurred under the Sixth Amendment. On appeal, Hester essentially repeats all the allegations presented in his original habeas petition. The respondent has indicated to this court that he will not be filing a brief, on appeal.
 
 
 7
 It is well established that, although subject to a certain number of exceptions, state prisoners must first fairly present their claims to the state courts to provide the states an opportunity to remedy any constitutional infirmity in the conviction before filing a petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254. Castille v. Peoples, 489 U.S. 346, 349 (1989); Shoultes v. Laidlaw, 886 F.2d 114, 117 (6th Cir.1989). Upon review, this court concludes that this petition must be dismissed because it is a mixed petition. Rose v. Lundy, 455 U.S. 509, 518-20 (1982); Kilby v. Jones, 809 F.2d 324, 325 (6th Cir.1987). Moreover, this is not a case where it would in the best interests of the parties and the courts for the merits of the petition to be addressed forthwith. Granberry v. Greer, 481 U.S. 129, 131 (1987). The district court found an unexhausted claim not even addressed or discussed by the magistrate judge in his report and recommendation and which was not elaborated upon by the district court in its order denying the petition; the magistrate judge addressed the merits of the claims surrounding the statements by Thornton and Thomas, notwithstanding the magistrate judge's admission that the trial court in Ohio still had pending before it a motion regarding that particular evidence; and it is clear that several of the ineffective assistance of counsel claims should more properly be left to the Ohio courts for full factfinding and discussion before being addressed in a federal habeas action.
 
 
 8
 Hester may still bring a second Ohio Rev.Code Sec. 2953.21 petition that raises the issues not currently before the trial court because Ohio law does not bar a second petition where the first petition was filed pro se. See State v. Coleman, 394 N.E.2d 1142, 1145-46 (Ohio Ct.App.1978).
 
 
 9
 Accordingly, the district court's order denying the petition is hereby vacated and the case remanded, pursuant to Rule 9(b)(3), Rules of the Sixth Circuit. The district court is directed to enter an order dismissing the petition for failure to exhaust state remedies.
 
 
 
 *
 The Honorable James P. Churchill, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation