RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0306P (6th Cir.)
File Name: 01a0306p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

*v.*

No. 00-3869

RANDALL STUBBLEFIELD, JR.,
*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No. 99-00048—Susan J. Dlott, District Judge.

Submitted: July 16, 2001

Decided and Filed: September 6, 2001

Before: NELSON and MOORE, Circuit Judges; KATZ,*
District Judge.

---

*The Honorable David A. Katz, United States District Judge for the
Northern District of Ohio, sitting by designation.

———————

**COUNSEL**

———————

**ON BRIEF:** Robert Andrews, SCHUH & GOLDBERG, Cincinnati, Ohio, for Appellant.    Robert Brichler, ASSISTANT UNITED STATES ATTORNEY, Cincinnati, Ohio, for Appellee.

———————

**OPINION**

———————

KAREN NELSON MOORE, Circuit Judge.  Defendant-Appellant Randall Stubblefield, Jr. ("Stubblefield" or "defendant") appeals the district court's determination that an additional point should be added to his criminal history score based on an Ohio minor misdemeanor conviction for the possession of less than one hundred grams of marijuana. Because the district court did not err in so holding, we **AFFIRM** Stubblefield's sentence.

### I. BACKGROUND

On May 20, 1999, a federal grand jury returned a forty-three count indictment charging Stubblefield with, among other things, engaging in a continuing criminal enterprise involving the distribution of cocaine and marijuana in violation of 21 U.S.C. § 848, and money laundering in violation of 18 U.S.C. § 1956.  Stubblefield, pursuant to a written plea agreement, pleaded guilty to these two charges. In exchange, the government dismissed the remaining counts of his indictment.

For purposes of sentencing, the supervising probation officer's pre-sentence investigation report ("PSR") calculated a total of two criminal history points, thus placing Stubblefield in criminal history category II.  One of the two criminal history points was accrued due to the defendant's September 1998 minor misdemeanor drug abuse conviction

possession conviction in determining Stubblefield's criminal history category; accordingly, we conclude that the district court was correct in awarding a criminal history point to Stubblefield based on this conviction.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's sentence in this case.

functional equivalent of sealing the record against all persons except those expressly authorized [under Ohio law]." *Id.*

Indeed, although § 2925.11(D) allows defendants to refrain from reporting a minor misdemeanor marijuana conviction to various individuals, Ohio courts have held that minor misdemeanor convictions *can* "be taken into account for purposes of imposing the penalty for a subsequent conviction of a drug abuse offense." *State v. Coleman*, 394 N.E.2d 1142, 1147 (Ohio Ct. App. 1978). Such practice clearly demonstrates that § 2925.11(D) was not meant to expunge a minor misdemeanor marijuana conviction from a defendant's record.

Moreover, it is clear from even a brief look at the Ohio Revised Code that the state legislature was familiar with the practice of expungement and provided for it in several instances. *See, e.g.,* Ohio Rev. Code § 2151.358(F) (stating that "[a]ny person who has been arrested and charged with being a delinquent child or a juvenile traffic offender and who is adjudicated not guilty of the charges in the case or has the charges in the case dismissed may apply to the court for an expungement of the record in the case"); § 3345.22(F) (stating that college students and staff, if arrested on various charges set forth in the statute and suspended as a result, have the right to expungement of the suspension if not convicted); § 3721.23(D) (providing procedures for expunging all evidence of an investigation into a long-term care or residential care facility's employee's alleged neglect or abuse of a resident if such allegations cannot be substantiated). The fact that the Ohio legislature chose to provide the opportunity to "expunge" records in various circumstances, but did not so provide here, is telling evidence that § 2925.11(D) was not intended to expunge a defendant's records of a minor misdemeanor drug abuse conviction.

Ultimately, we conclude that Stubblefield's minor misdemeanor conviction for possession of marijuana was not expunged pursuant to § 2925.11(D). No other exceptions apply that would preclude consideration of the marijuana

for possession of less than one hundred grams of marijuana. Pursuant to Ohio Rev. Code § 2925.11(C)(3), (D), the possession of less than one hundred grams of marijuana is a minor misdemeanor which "does not constitute a criminal record and need not be reported by the person so arrested or convicted in response to any inquiries about the person's criminal record, including any inquiries contained in any application for employment, license, or other right or privilege, or made in connection with the person's appearance as a witness."

Stubblefield filed an objection to the probation officer's decision to assign a criminal history point to his minor misdemeanor drug abuse conviction, arguing that because the Ohio legislature has deemed that such a conviction does not even constitute a criminal record, it would be inappropriate to factor such a conviction into a criminal history category determination. Without a criminal history point for this minor misdemeanor drug abuse conviction, Stubblefield would fall within criminal history category I instead of II. United States Sentencing Guidelines ("U.S.S.G.") Sentencing Table (1998). In light of Stubblefield's base offense level of 32, the sentencing range for a criminal history category of I would be 121-151 months. *Id.* Under criminal history category II, the sentencing range jumps to 135-168 months. *Id.*

The district court overruled the defendant's objection and sentenced him to 140 months' imprisonment and four years' supervised release. Stubblefield now appeals his sentence to this court.

## II. ANALYSIS

On appeal, Stubblefield raises the same objection to his sentence that he raised in the district court. Although it is true that Ohio Rev. Code § 2925.11(D) states that a minor misdemeanor conviction for the possession of marijuana "does not constitute a criminal record and need not be reported by the person . . . in response to any inquiries about the person's criminal record," we believe that, under the Guidelines, the district court was correct in including this

conviction for purposes of criminal history category determination.

Pursuant to U.S.S.G. § 4A1.1(a)-(c), one criminal history point is added for every prior sentence which did not include a sentence of imprisonment of at least sixty days. Sentences for misdemeanors and petty offenses, "including uncounseled misdemeanor sentences where imprisonment was not imposed[,]" count when calculating the criminal history category, unless an exception applies. U.S.S.G. § 4A1.2(c), cmt. background. Accordingly, Stubblefield's September 1998 conviction for possessing less than one hundred grams of marijuana will factor into his criminal history score unless an exception applies.[1]

Because the exceptions set forth in § 4A1.2(c) do not apply, the only provision that could exclude Stubblefield's marijuana possession conviction from counting toward his criminal history score is § 4A1.2(j), which states that "expunged convictions" are not to be counted toward a defendant's criminal history score. The question, then, in this case is whether Stubblefield's marijuana possession conviction, because it does not constitute a criminal record under Ohio law, should be considered an expunged conviction under the Guidelines.

The Guidelines do not define what constitutes an "expunged conviction." Application Note 10 to § 4A1.2, however, does provide some guidance:

---

[1] The defendant argues that because it is inappropriate under U.S.S.G. § 1B1.3 to include as "relevant conduct" behavior for which the defendant could not be incarcerated, *United States v. Shafer*, 199 F.3d 826, 830-31 (6th Cir. 1999), it is similarly improper to consider a minor misdemeanor conviction for which a prison sentence is unavailable as part of a defendant's criminal history. It is clear, however, that § 4A1.2 contemplates the assignment of criminal history points even for convictions not resulting in imprisonment. U.S.S.G. § 4A1.2, cmt. background.

*Convictions Set Aside or Defendant Pardoned.* A number of jurisdictions have various procedures pursuant to which previous convictions may be set aside or the defendant may be pardoned for reasons unrelated to innocence or errors of law, *e.g.*, in order to restore civil rights or to remove the stigma associated with a criminal conviction. Sentences resulting from such convictions are to be counted. However, expunged convictions are not counted.

After examining the Ohio statute at issue in this case, it is clear that § 2925.11(D)'s direction that a minor misdemeanor marijuana conviction "not constitute a criminal record" has nothing to do with a defendant's innocence or errors of law made by the state. Rather, as we stated in our unpublished opinion in *United States v. Smoot*, No. 90-3752, 1991 WL 85251, at *1 (6th Cir. May 21, 1991), "[t]he Ohio statute attempts to minimize the stigma associated with a minor misdemeanor drug abuse conviction involving a small amount of marijuana by providing that a defendant arrested or convicted of such charges need not reveal the arrest or conviction when asked if he or she has a criminal record."

That § 2925.11(D) is not an expungement provision is clear under Ohio law as well. In *State v. Weber*, 484 N.E.2d 207 (Ohio Ct. App. 1984), a defendant convicted of the same minor misdemeanor offense of marijuana possession sought to expunge his conviction. The state argued that the defendant did not qualify for expungement because § 2925.11(D) effectively precluded him from qualifying as an "offender" for purposes of Ohio's expungement provisions, Ohio Rev. Code § 2953.31 *et seq.* The Ohio court of appeals rejected the state's argument, however, stating that § 2925.11(D) "obviously does not *seal or expunge* the record of conviction." *Id.* at 210. The court continued on to state that while "[i]t is quite true that R.C. 2925.11(D) relieves the offender from having to report the conviction himself as a 'criminal record' when he responds to inquiries from employers and others, . . . this is neither the theoretical nor