**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0509n.06

Nos. 08-3185, 08-3361, 08-3378, 08-3382, 08-3739

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Aug 16, 2010**
LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff–Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| DONNIE STEWART,    (08-3185) | ) | NORTHERN DISTRICT OF OHIO |
| DERRICK DUNNICAN,    (08-3361) | ) | |
| JOHNNY ROBINSON,    (08-3378) | ) | |
| DEANDRE TEAGUE,    (08-3382) | ) | |
| IAN HAMPTON,    (08-3739) | ) | |
| | ) | |
| Defendants–Appellants. | ) | |

Before:  GIBBONS and KETHLEDGE, Circuit Judges; and SARGUS, District Judge.[*]

**JULIA SMITH GIBBONS, Circuit Judge.**    In this consolidated appeal, defendants–appellants Donnie Stewart, Derrick Dunnican, Johnny Robinson, Deandre Teague, and Ian Hampton were indicted along with thirty-eight other co-defendants on charges of conspiracy to distribute cocaine base.  The charges arose from appellants' participation in a large drug distribution conspiracy operating in Cleveland, Ohio.  During the course of the investigation, each of the appellants sold a quantity of drugs to an informant.  Appellants each pled guilty and were sentenced to the applicable mandatory minimums for their crimes.  They now raise several challenges to the

---

[*]The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

validity of their pleas and their sentences. We consider each appellant's claims in turn and affirm the sentences of Dunnican, Robinson, Teague, and Hampton. We vacate Stewart's sentence and remand his case to the district court.

I.

We first address the government's contention that the appellants waived their right to challenge their sentences. Each of the appellants pled guilty pursuant to a plea agreement, received a mandatory minimum sentence that was higher than the upper end of his Guidelines range, and now raises various challenges to his sentence. However, the five plea agreements all contained the following waiver of the right to appeal: "The defendant expressly waives th[e] right[ to appeal] except . . . [the] Defendant reserves the right to appeal: (a) any punishment in excess of the statutory maximum; (b) any punishment to the extent it represents a sentence higher than the advisory Sentencing Guideline range deemed most applicable by the court." The government argues that these appellate waivers preclude many of the appellants' challenges to their sentences. The question is whether the fact that the mandatory minimum sentences were higher than the applicable Guideline ranges takes any challenge to the sentences outside the scope of the appellate waiver.

"We review the question of whether a defendant waived his right to appeal his sentence in a valid plea agreement *de novo.*" *United States v. McGilvery*, 403 F.3d 361, 362 (6th Cir. 2005). In our recent decision in *United States v. Jones*, 569 F.3d 569, 572 (6th Cir. 2009), we analyzed U.S.S.G. § 5G1.1(b) (2007), which provides that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." Although we recognized that § 5G1.1(b) converts the

2

guideline *sentence* into the mandatory minimum when a minimum applies, we held that § 5G1.1(b) was ambiguous as to the effect a mandatory minimum has on a guideline *range*. *Jones*, 569 F.3d at 572. Because ambiguities in plea agreements must be construed against the government, *see United States v. Caruthers*, 458 F.3d 459, 470 (6th Cir. 2006), we held that the defendant had reserved his right to appeal a sentence greater than his Guideline range where the Guidelines had converted only the guideline sentence to the mandatory minimum. *Jones*, 569 F.3d at 572–73.

The appellate waiver at issue in *Jones* was substantively identical to the waivers to which the appellants agreed in this case. Under the plea agreement in *Jones*, "Jones 'waive[d] the right to appeal any sentence which is at or below the maximum of the guideline range as determined by the Court,' but he 'retaine[d] the right to appeal a sentence above the guideline range.'" *Id.* at 572 (alterations in original). In this case, the appellants reserved the right to appeal a "sentence higher than the advisory Sentencing Guideline range." Under *Jones*, the appellants have reserved their right to appeal their sentences because the applicable statutory minimum sentences were higher than the upper bounds of the appellants' respective Guidelines ranges.

## II.

"We review a district court's sentencing determination, 'under a deferential abuse-of-discretion standard,' for reasonableness." *United States v. Lalonde*, 509 F.3d 750, 769 (6th Cir. 2007) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). When reviewing a sentence, "we review the district court's factual findings for clear error, while reviewing the district court's conclusions of law *de novo.*" *United States v. Hazelwood*, 398 F.3d 792, 795 (6th Cir. 2005).

### III. Donnie Stewart

Stewart pled guilty to one count of conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and received a 120-month sentence—the statutory minimum. *See* 21 U.S.C. § 841(b)(1)(A). In a memorandum filed prior to sentencing, Stewart argued that the 120-month minimum should not apply, due to the so-called "safety-valve provision." *See* 18 U.S.C. § 3553(f). Under that provision, a district court shall disregard a statutory minimum if the defendant, among other things, "truthfully provide[s] to the Government all information and evidence the defendant has concerning the offense[.]" *Id.* § 3553(f)(5).

Stewart contended in the district court that he met this test. Specifically, in his sentencing memorandum to the court, he stated:

> On April 13, 2007, the defendant met with the agents at the U.S. Attorney's Office and gave an "off-the-record" proffer in good faith. The proffer was complete and truthful although the government's evaluation may differ because of statements made by other co-defendants to enhance their own unilateral positions in the case. The defendant's answers to the questions regarding the other defendants were truthful and complete as to the known parties involved and his role in the conspiracy.

(D.E. 818 at 5.) The government disagreed, contending among other things that Stewart must have known more than he told the agents about the supplier of the cocaine that he had sold. The question, then, was one of credibility.

But the district court did not answer that question. Instead the court thought it was without authority to reach the question:

> The Defendant has provided the Court with a fairly lengthy well-done memorandum with respect to sentencing, indicating that the Court should give the 2-point deduction, which would place the guideline range at 70 to 87 months, but I can't do that under the law without the Government making that motion.

Snt'g Tr. at 5; *see also id.* ("[T]he Court has no authority to apply the safety valve unless the Government makes the motion for that").

The district court's belief was incorrect. Although a government motion is necessary for a substantial-assistance departure, it is not necessary for safety-valve relief. *Compare* 18 U.S.C. § 3553(e) (substantial-assistance departure, granting authority only "[u]pon motion of the Government"), *with* 18 U.S.C. § 3553(f) (safety-valve relief, granting authority "if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that" five criteria are met). The court's denial of safety-valve relief, therefore, was based on an erroneous legal conclusion.

As a result, the record lacks any factual finding regarding Stewart's eligibility for safety-valve relief. In these circumstances, the general rule is that we simply remand the case for the district court to make that finding. *See United States v. Middleton*, 246 F.3d 825, 847 (6th Cir. 2001) ("If a sentencing court fails to make the necessary factual findings, then we must remand for resentencing").

We need not remand, of course, if the lack of a finding was harmless—that is, if we conclude that the district court could have *only* found that Stewart's proffer was not truthful and complete. For several reasons, we do not make that conclusion here. First, the parties and the court did not address this issue in earnest at the sentencing hearing, given the district court's incorrect statement of the law. (It is highly regrettable that neither lawyer pointed out the court's error on the spot.) On paper at least, the government's characterization of Stewart's proffer arguably seems more plausible; but that characterization was not tested in the least during the hearing in the district court. *See*

*generally United States v. De La Torre*, 599 F.3d 1198, 1207 (10th Cir. 2010) (remanding for reconsideration of safety-valve eligibility because, although "De La Torre did not produce any evidence at the sentencing hearing below, the district court did not permit him the opportunity to do so").

Second, the question before us is one of credibility. This court normally does not decide such questions in the first instance. And we think the district court is better positioned to decide that question here.

Finally, as a practical matter, the costs of a remand are slight in comparison to Stewart's stake in the issue. The district court's denial of safety-valve relief likely added about four years to his sentence. He is entitled to a straightforward finding as to whether he is telling the truth, rather than a plainly incorrect legal conclusion, before serving that additional time.

We therefore vacate Stewart's sentence and remand for the purpose of determining his eligibility for safety-valve relief. If the district court finds that Stewart is eligible for such relief, it should resentence him accordingly.

## IV. Derrick Dunnican

Dunnican pled guilty to one count of conspiracy to possess with the intent to distribute and distribution of at least twenty but less than thirty-five grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). At sentencing, the district court calculated Dunnican's adjusted offense level to be 23 and determined his criminal history category to be IV, yielding a Guidelines range of 70 to 87 months. However, 21 U.S.C. § 841(b)(1)(B) provided for a mandatory minimum sentence of 120 months, which the district court imposed. On appeal, Dunnican argues that the district court

erred by failing to offer him the opportunity to allocute, by failing to resolve an objection that his criminal history category should have been III, and by failing to confirm that he had read and understood his PSR.

"We review a defendant's claim of denial of allocation *de novo*." *United States v. Griffin*, 530 F.3d 433, 437 (6th Cir. 2008). Under Federal Rule of Criminal Procedure 32, "the district court judge must personally and unambiguously invite the defendant to speak in his own behalf." *United States v. Riascos-Suarez*, 73 F.3d 616, 627 (6th Cir. 1996) (internal quotation marks and citation omitted), *abrogated on other grounds by Muscarello v. United States*, 524 U.S. 125, 138 (1998), *as recognized in United States v. Haygood*, 549 F.3d 1049, 1055 (6th Cir. 2008). During sentencing, the district court asked, "Is there anything else you want to say to the Court that you haven't said already?" Counsel answered the question, however, and the record is ambiguous as to whether the question was addressed to Dunnican or his counsel. However, failure to allow allocation is harmless when the defendant received the "shortest sentence allowed by statute." *Id.* (citing *United States v. Lewis*, 10 F.3d 1086, 1092 (4th Cir. 1993) (finding no prejudicial error when defendant was denied allocation but sentenced to the Guidelines minimum), and *United States v. Mejia*, 953 F.2d 461, 468 (9th Cir. 1991) (finding that it is not reversible error to deny allocation when the sentence imposed is the lowest possible)).

Dunnican's second argument is meritless for the same reason. Dunnican objected to his PSR on the ground that one of his prior convictions should not count toward his criminal history. He claims that the district court never resolved this objection at sentencing. However, this argument fails because, although the district court did not rule on the objection on the merits, it did conclude

7

that even "[i]f we reduce [the criminal history category to III], it won't make any difference because the mandatory 120 months is still mandatory. So it doesn't help to go down to Roman Numeral III, and the 120 months is the minimum under the statute that this Court can impose." The district court's disposition of the objection was not erroneous.

Finally, Dunnican's claim that the district court erred by not ensuring that he read and understood the PSR, as is required by Federal Rule of Criminal Procedure 32(i)(1)(A), also fails. Although the district court did not ask Dunnican directly whether he had read and understood the PSR, Dunnican had filed *pro se* two sentencing memoranda objecting to several of the PSR's recommendations. The court "need not expressly ask the defendant if he and his counsel have read and discussed the report; instead, 'the court need only *somehow* determine that defendant and counsel have had an opportunity to read and discuss [it].'" *United States v. Osborne*, 291 F.3d 908, 910 (6th Cir. 2002) (quoting *United States v. Stevens*, 851 F.2d 140, 143 (6th Cir. 1988)). The district court's discussion of the objections raised in the sentencing memoranda is evidence sufficient for the district court to conclude that Dunnican understood the PSR. We affirm Dunnican's sentence.

## V. Johnny Robinson

Robinson pled guilty to one count of conspiracy to possess with the intent to distribute and distribution of at least five but less than twenty grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). At sentencing, the district court calculated Robinson's adjusted offense level to be 21 and determined that Robinson had three criminal history points, resulting in a criminal history category of II. Although Robinson's Guidelines range was 41 to 51 months, 21 U.S.C. §

841(b)(1)(B) provided for a mandatory minimum sentence of 60 months. In his plea agreement, Robinson reserved the right to request a sentence reduction under the Guidelines' safety valve provision. At sentencing, Robinson argued that two of his prior convictions should not count towards his criminal history. If the two convictions were not counted, Robinson reasoned, his criminal history category would be I and he would be eligible for a safety valve reduction. The government responded that not only was Robinson's criminal history calculated correctly, but he also failed to meet the fifth requirement of full and truthful cooperation. The prosecutor explained that Robinson's proffer was untruthful to the point that the agents "basically toss[ed] him out of the building." The district court rejected Robinson's argument and imposed the mandatory minimum of 60 months. Our review of the record reveals that this conclusion was not clearly erroneous as Robinson has failed to carry his burden of proving by a preponderance of the evidence that his proffer was truthful. *See Haynes*, 468 F.3d at 426; *Salgado*, 250 F.3d at 459. Even if his criminal history score was calculated incorrectly, Robinson would still not qualify for a safety valve reduction because his proffer was not truthful and thus the fifth element of U.S.S.G. § 5C1.2(a)(5) (2007) was not satisfied. We affirm Robinson's sentence.

## VI. Deandre Teague

Teague pled guilty to one count of conspiracy to possess with the intent to distribute and distribution of at least five but less than twenty grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). At sentencing, the district court determined that Teague's adjusted offense level was 21 and that he had two criminal history points producing a criminal history category of II.

Although Teague's Guidelines range was 41 to 51 months, he was subject to a mandatory minimum sentence of 60 months under 21 U.S.C. § 841(b)(1)(B).

In his plea agreement, Teague reserved the right to request a safety valve reduction under U.S.S.G. § 5C1.2 (2007). Teague's two criminal history points both came from a state court juvenile adjudication in December 2000 for preparation of marijuana for sale. Upon conviction, he was sentenced to six months in a juvenile facility, which he served until November 20, 2001. At sentencing, Teague argued that he should not have received criminal history points for the crime because the time he served in juvenile detention was not a term of "imprisonment" as is required under U.S.S.G. § 4A1.1(b) (2007). Teague argued, therefore, that he should have received only one criminal history point under § 4A1.1(c) (2007). The government responded that under the instructions given in § 4A1.2(d)(2)(A), a term of juvenile "confinement of at least sixty days . . . [ending] within five years of [the] commencement of the instant offense" qualifies for two points under § 4A1.1(b). The district court denied Teague's request for the safety valve and sentenced him to the 60-month mandatory minimum.

Teague now argues that the two criminal history points should not have been counted because there was no evidence in the record that his juvenile sentence fit the definition of "prior sentence" in U.S.S.G. § 4A1.2(a)(1)—namely, that it was "the result of an adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere." As the government points out, because Teague did not raise this argument at sentencing, we review for plain error. *Caruthers*, 458 F.3d at 473. "To satisfy the plain error standard, 'there must be (1) error, (2) that is plain, and (3) that affect[s] substantial rights.'" *Id.* (quoting *Johnson v. United States*, 520 U.S. 461, 466–67 (1997)). "If he satisfies these

10

conditions, this court has discretion to correct the error only if the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Aaron*, 590 F.3d 405, 408 (6th Cir. 2009) (internal quotation marks and citation omitted). The district court did not plainly err by giving Teague two criminal history points. Although Teague's PSR does not describe in detail the circumstances that led to his serving time in juvenile confinement, Teague presents no evidence that the state court's adjudication was anything other than a plea of guilty or *nolo contendere*. With the two criminal history points resulting from this sentence, Teague cannot meet the first element of the safety valve provision and the district court was correct to deny his request.

Teague also argues that the government breached the plea agreement by objecting to his request for a safety valve reduction. He argues that although he reserved in the plea agreement the right to request the reduction, the government did not reserve the right to oppose it. When drafting a plea agreement, the government need not specifically reserve the right to oppose a motion by a defendant in order to object before the district court. It is enough that the government not make an affirmative declaration not to oppose the motion. We affirm Teague's sentence.

### VII. Ian Hampton

Hampton pled guilty to one count of conspiracy to possess with the intent to distribute and distribution of at least five but less than twenty grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Hampton's adjusted offense level was 21 and he had two criminal history points, producing a criminal history category of II. Hampton's Guidelines range was 41 to 51 months, but he was subject to a mandatory minimum sentence of 60 months under 21 U.S.C. § 841(b)(1)(B). Hampton reserved the right to request a safety valve reduction and, at sentencing, he

argued that his prior conviction for misdemeanor drug possession should not have counted towards his criminal history score because it resulted in only a $70 fine. The district court rejected the argument, confirmed a criminal history category of II, denied Hampton's request for a safety valve reduction, and sentenced Hampton to 60 months imprisonment.

On appeal, Hampton raises the same argument as he did before the district court and argues further that the district court both had more discretion to interpret the Guidelines than it recognized and should have applied the rule of lenity in his favor. Courts are to add one point to a defendant's criminal history score under U.S.S.G. § 4A1.1(c) (2007) for any "prior sentence" that does not carry a sentence of imprisonment of at least sixty days and thus does not qualify under subsections (a) or (b). Under U.S.S.G. § 4A1.2(a) (2007), a "prior sentence" includes "any sentence previously imposed"—the sentence need not exceed any minimum punishment. Some enumerated misdemeanor crimes are not, under certain circumstances, to be counted as part of criminal history, but drug possession is not listed. *See* U.S.S.G. § 4A1.2(c) (2007). We have previously recognized that criminal history points are to be added even for "uncounseled misdemeanor sentences where imprisonment was not imposed." *United States v. Stubblefield*, 265 F.3d 345, 347 (6th Cir. 2001) (quoting U.S.S.G. § 4A1.2(c) cmt. background). Therefore, Hampton's prior conviction for drug possession was properly factored into his criminal history calculation. His arguments for greater district court discretion and lenity are unavailing. Even if the district court believed it had less discretion to interpret the Guidelines than it actually did, the lack of ambiguity in the text of the Guidelines precludes a more favorable interpretation. The rule of lenity, which "is relevant only if there is 'grievous ambiguity or uncertainty in the statute,'" similarly does not apply. *See United*

*States v. Smith*, 549 F.3d 355, 362 n.2 (6th Cir. 2008) (quoting *Muscarello*, 524 U.S. at 139).  We affirm Hampton's sentence.

VIII.

For the reasons set forth above, we vacate Stewart's sentence and remand his case to the district court for a determination of his eligibility for safety-valve relief and resentencing.  We affirm the sentences of Dunnican, Robinson, Teague, and Hampton.