NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0345n.06

No. 23-3854

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Aug 06, 2024
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | ON APPEAL FROM THE |
| Plaintiff -Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| v. | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| JARON SOLOMON, | ) | |
| Defendant -Appellant. | ) | OPINION |
| | ) | |

Before: GRIFFIN, NALBANDIAN, and BLOOMEKATZ, Circuit Judges.

BLOOMEKATZ, Circuit Judge. Jaron Solomon pleaded guilty to being a felon in possession of a firearm. As part of his plea agreement, both he and the government agreed to recommend a within-Guidelines sentence. The district court calculated Solomon's Guidelines range at 30 to 37 months, then varied upward. It sentenced Solomon to 46 months in prison. On appeal, Solomon claims that the district court miscalculated the Guidelines range and imposed an excessive sentence for his purportedly "mine-run" felon-in-possession offense. Appellant's Br. 31. But the district court did not err in calculating the applicable Guidelines range, nor did it abuse its discretion when it relied on Solomon's prior violent offenses involving firearms to vary upward. We affirm.

**FACTUAL BACKGROUND**

On the evening of December 27, 2022, police detectives observed the occupants of an SUV engaged in multiple drug transactions at two different gas stations. During the ensuing traffic stop, the detectives saw marijuana in plain view in the center console. When they asked the vehicle's

occupants to step out of the car, Solomon vacated the front passenger seat and admitted that he was carrying a firearm. The detectives seized the gun, a Taurus G3 9mm, along with a baggie of marijuana and $600 cash. Law enforcement also overheard a jail call in which Solomon said to his significant other that drugs remained in the car, belonged to him, and he was selling them.

Solomon couldn't legally possess the loaded Taurus G3 9mm at the time because he'd previously been convicted of four felony offenses. 18 U.S.C. §§ 922(g)(1), 924(a)(8). Solomon possessed a gun while he committed two of those prior felonies. Solomon's most recent offense was his most serious—he was incarcerated for over six years for shooting a man in the lower body during a robbery and had been released from community control just six months before the instant offense.

On March 23, 2023, the government indicted Solomon for being a felon in possession of a firearm. 18 U.S.C. §§ 922(g)(1), 924(a)(8). Solomon agreed to plead guilty on May 26, 2023. The parties stipulated to an offense level of 15, which included an enhancement for Solomon's unlawful possession of a firearm in connection with selling drugs, as well as a three-level reduction for acceptance of responsibility. The plea agreement did not address Solomon's criminal history and made clear that the district court retained the discretion to impose a sentence outside the advisory Guidelines range. The agreement further stated that the parties would not advocate for a departure or variance from the Guidelines range.

At sentencing, Solomon objected to the Guidelines range calculated in the presentence report. The presentence report recommended an offense level of 15, consistent with the plea agreement, and a criminal history score of seven—which corresponds to criminal history category IV. The resulting Guidelines range: 30 to 37 months. Solomon argued that the presentence report should not have increased his criminal history score for his prior conviction for marijuana

possession in Garfield Heights Municipal Court; without it, his criminal history category would have been III, and his Guidelines range 24 to 30 months. The district court rejected Solomon's Guidelines calculation argument and adopted the 30-to-37-month advisory range.

Next, the district court told the parties that it was considering a "possible upward variance" based on several paragraphs in the presentence report that detailed prior offenses involving the use of a firearm and Solomon's institutional disciplinary report from a prior sentence. R. 29, PageID 183–84. After hearing the parties' arguments, the district court concluded that Solomon was on "a different level than other convicted felons who are simply possessing guns." *Id*, PageID 199. It emphasized that this was Solomon's "third firearms-related conviction" and that his history demonstrated that "he not only will possess guns but that he will use them and use them to shoot another individual." *Id.* Ultimately, the court relied on Solomon's "record of violence and history with firearms" to justify a two-level upward variance and 46-month sentence. *Id.*, PageID 199–200. The court explained that this sentence was "necessary to protect the public," "provide adequate deterrence," and "meet all the other purposes of the sentencing statute." *Id.*, PageID 200. Solomon objected to the variance at the end of the sentencing hearing. This appeal followed.

**ANALYSIS**

Solomon makes four arguments about his sentence on appeal: three on procedural reasonableness and one on substantive reasonableness. *First*, he revives his objection to the district court including his minor misdemeanor marijuana possession as part of his criminal history. *Second*, he says that the district court relied on incorrect facts about his criminal history to support its sentencing decision. *Third*, he claims that he was denied reasonable notice of the prospect of an upward variance. And *fourth*, he attacks the substantive length of his 46-month sentence. None of Solomon's arguments warrant reversal.

I.      **The Marijuana Possession Conviction**

Solomon argues that he cannot receive a criminal history point for his prior minor misdemeanor marijuana possession conviction.

A conviction for a minor marijuana possession misdemeanor counts toward a defendant's criminal history score unless an exception applies. *United States v. Stubblefield*, 265 F.3d 345, 347 (6th Cir. 2001). Solomon bears the burden to show that his challenged conviction falls under an exception. *United States v. Kitchen*, 428 F. App'x 593, 599 (6th Cir. 2011).

Solomon invokes the exception within U.S.S.G. § 4A1.2(c)(2), which provides that sentences for several enumerated offenses (such as "[m]inor traffic infractions," "[p]ublic intoxication," and others) as well as other "similar" offenses "are never counted" for purposes of calculating a defendant's criminal history.

Solomon's argument on this front is two-fold. First, he makes an argument about the language of the ordinance itself, which states that a conviction under the ordinance "does not constitute a criminal record." Appellant's Br. 27 (quoting Garfield Heights Ordinance § 513.03(e)). Solomon insists that this text indicates that his marijuana possession misdemeanor triggers the § 4A1.2(c)(2) exception. Second, he uses a multi-factor "common sense approach" described in the Guidelines commentary to argue that his marijuana possession misdemeanor is "similar" to two offenses enumerated in § 4A1.2(c)(2): minor traffic infractions and public intoxication. Appellant's Br. 27–29 (quoting U.S.S.G. § 4A1.2 cmt. n.12(A)).

Solomon raised the textual argument before the district court. But he did not explicitly compare his marijuana possession misdemeanor to any of the enumerated offenses to argue that his conviction is similar, and he did not allude to the common sense approach at all. The government, however, seems to believe that Solomon did make this second argument below. *See*

Appellee's Br. 20 ("Before the district court, Solomon . . . argued that his prior conviction was 'similar to' the enumerated offenses of U.S.S.G. § 4A1.2(C)."). It does not ask us to review this criminal-history challenge for plain error. And "even though plain-error review might have been available for this claim," we generally do not apply the plain-error standard "unless requested to do so by one of the parties." *United States v. Williams*, 641 F.3d 758, 763 (6th Cir. 2011). Accordingly, we review both of Solomon's arguments de novo. *See United States v. Gould*, 30 F.4th 538, 542 (6th Cir. 2022).

As to Solomon's argument about the ordinance text, the Guidelines specify that all "[s]entences for misdemeanor and petty offenses are counted" unless expressly excluded. U.S.S.G. § 4A1.2(c). And we have previously rejected similar arguments that a state or locality's treatment of an offense as non-criminal means a conviction for that offense can't be counted toward a defendant's criminal history. For example, in *Stubblefield*, we indicated that a marijuana possession conviction under Ohio Revised Code § 2925.11, which uses language identical to that of the ordinance here, *see id.* § 2925.11(D), does not qualify for the § 4A1.2(c)(2) exception. 265 F.3d at 347. Solomon makes no attempt to distinguish *Stubblefield*. Thus, we hold that the ordinance language by itself does not qualify for the § 4A1.2(c)(2) exception.

To the extent Solomon is claiming that his marijuana possession misdemeanor is the kind of local ordinance violation under § 4A1.2(c)(2) that can never be counted, he overlooks the caveat that immediately follows in the Guidelines. True, "[l]ocal ordinance violations" appears in the list of offenses that do not count—"except those violations that are also violations under state criminal law." U.S.S.G. § 4A1.2(c)(2); *see also id.* cmt. n.12(B). Solomon was convicted under a local ordinance that overlapped completely with a state statute, so this claim is unavailing. *See* Ohio Rev. Code § 2925.11(C)(3)(a), (D).

Solomon's second argument is that his marijuana possession misdemeanor is similar to a minor traffic infraction or public intoxication, offenses enumerated in § 4A1.2(c)(2). To show that marijuana possession is like the enumerated offenses, Solomon invokes the "common sense approach" described in the Guidelines commentary, which "includes consideration of [five] relevant factors." Appellant's Br. 27–28 (quoting U.S.S.G. § 4A1.2 cmt. n.12(A)). These factors are:

> (i) a comparison of punishments imposed for the listed and unlisted offenses; (ii) the perceived seriousness of the offense as indicated by the level of punishment; (iii) the elements of the offense; (iv) the level of culpability involved; and (v) the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct.

U.S.S.G. § 4A1.2 cmt. n.12(A).[1] But *Stubblefield* states that "the exceptions set forth in § 4A1.2(c) do not apply" to misdemeanor marijuana possession convictions like Solomon's. 265 F.3d at 347. Although *Stubblefield* does not expressly address the enumerated offenses that Solomon invokes or apply the common sense approach, its blanket denial undermines his point.

But even if *Stubblefield* didn't bind us, Solomon's argument faces other hurdles. His argument boils down to the claim that violating the local marijuana possession ordinance is similar to a minor traffic infraction or public intoxication offense because the punishment (and, by implication, their perceived seriousness) is largely the same: a minor fine and no jail time. But these are only two of the factors that the commentary lists.[2] And we have recognized in several

---

[1] We look to Guidelines commentary where "it serves only to *interpret* the Guidelines' text, not to replace or modify it." *United States v. Havis*, 927 F.3d 382, 386 (6th Cir. 2019); *see also United States v. Riccardi*, 989 F.3d 476, 479–80 (6th Cir. 2021); *United States v. Merritt*, 102 F.4th 375, 378 n.3, 386 n.10 (6th Cir. 2024). We believe that is the case here.

[2] To be sure, Solomon mentions the other three factors listed by the Guidelines commentary. But he simply asserts without explanation that the "elements of the offense and the level of culpability involved are also similar." Appellant's Br. 28. And he fails to explain how changes in the law or public perception toward marijuana are connected to "the degree to which

unpublished opinions involving marijuana possession offenses under Ohio law that these similarities are outweighed by significant differences between the offenses. *See United States v. Foster*, 832 F. App'x 401, 406–07 (6th Cir. 2020) (marijuana possession is not similar to minor traffic infractions, public intoxication, loitering, and vagrancy); *United States v. Tatum*, 743 F. App'x 589, 593–94 (6th Cir. 2018) (marijuana possession is not similar to the enumerated offenses in § 4A1.2(c)(2)); *United States v. Collins*, 600 F. App'x 433, 436–37 (6th Cir. 2015) (rejecting a comparison of marijuana possession to minor traffic infractions and disorderly conduct on plain error review).

For instance, the local ordinance contains an explicit mens rea element,[3] while traffic infractions are usually strict liability offenses—suggesting the former carries a higher level of culpability. *See Collins*, 600 F. App'x at 436; *see also State v. Campbell*, 691 N.E.2d 711, 714 (Ohio App. 1997) ("Most traffic violations are minor misdemeanors and, in addition, are strict liability crimes."), *abrogated on other grounds by State v. Weitbrecht*, 715 N.E.2d 167 (1999). Marijuana possession also involves different offense elements from either a traffic violation or public intoxication. A person's decision to carry marijuana (a controlled substance) is not the same as a decision to overindulge in alcohol (not a controlled substance)—and even less like speeding or other traffic infractions. *See United States v. Roy*, 126 F.3d 953, 955 (7th Cir. 1997).

For these reasons, no Circuit has held that marijuana possession misdemeanors like this one are similar to any of the § 4A1.2(c)(2) exceptions. *See United States v. Foote*, 705 F.3d 305, 308 (8th Cir. 2013) (collecting cases). We see no reason to break new ground today. The district

---

the commission of the offense indicates a likelihood of recurring criminal conduct." *See id.* at 28–29.

[3] "No person shall *knowingly* obtain, possess or use a controlled substance or a controlled substance analog." Garfield Heights, Ohio, Ordinance § 513.03(a) (emphasis added).

court was not wrong to add a criminal history point for Solomon's marijuana possession misdemeanor.

## II. Solomon's Prior Firearm-Related Convictions

The district court rested its upward variance, in part, on its finding that this was Solomon's "third firearm-related offense." R. 29, PageID 197. Solomon argues that he had only one—not two—prior firearm-related convictions. A sentence is procedurally unreasonable if the district court imposed it based on clearly erroneous facts. *United States v. Wittingen*, 519 F.3d 633, 637 (6th Cir. 2008) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Gale*, 468 F.3d 929, 934 (6th Cir. 2006)).

Solomon's argument fails because the presentence report confirms the district court's finding—that he had two prior gun-related felonies. In 2011, Solomon was convicted for attempted felonious assault after he possessed a handgun while beating a man. And in 2015, Solomon shot a man during a robbery, resulting in a felonious assault conviction. Solomon did not object to these facts in the presentence report, so the district court was entitled to rely on them. Fed. R. Crim. P. 32(i)(3)(A); *see United States v. Adkins*, 429 F.3d 631, 632–33 (6th Cir. 2005). Accordingly, the district court did not err when it sentenced Solomon based on its finding that "[t]his is his third firearm-related offense." R. 29, PageID 197.

## III. The Notice Issue

Solomon next contends that the district court did not provide "reasonable notice" of its intent to vary upward before sentencing him. Appellant's Br. 33–34. He objected to the upward variance near the conclusion of his sentencing hearing. On appeal, the parties dispute whether that objection was specific enough for us to review the issue for abuse of discretion, as opposed to plain error. *United States v. Taylor*, 800 F.3d 701, 713 (6th Cir. 2015); *see United States v. Bostic*, 371

F.3d 865, 871 (6th Cir. 2004). Solomon's notice argument is unavailing under either standard of review.

As Solomon correctly points out, it is procedurally unreasonable for a district court to vary upward based on facts that "came as a surprise," thereby depriving the defendant of a reasonable opportunity to respond. *United States v. Coppenger*, 775 F.3d 799, 804 (6th Cir. 2015). But that's not what happened here. The district court relied on material in Solomon's presentence report to support the upward variance. *United States v. Hinton*, No. 21-3166, 2021 WL 5505498, at *4 (6th Cir. Nov. 24, 2021) ("[The defendant's] argument ultimately fails because 'the facts or issues' that the district court based its determination on were outlined in . . . the Presentence Investigation Report . . . ."). Solomon was thus well-aware of all the relevant facts the district court relied on. And he knew that the district court retained discretion to sentence him outside the advisory Guidelines range. Therefore, Solomon was able to address the specifics of his criminal and institutional history and argue against the upward variance at his sentencing hearing. Because there were no "relevant issues that [Solomon] did not anticipate or have the opportunity to address," there was no surprise, and his reasonable notice argument fails. *See United States v. Rossi*, 422 F. App'x 425, 433 (6th Cir. 2011).

IV.     **Substantive Reasonableness**

Solomon says the district court ignored mitigating factors and imposed a substantively unreasonable sentence for his "mine-run" felon-in-possession offense. Appellant's Br. 33. Our review is for abuse of discretion, though there is no presumption of reasonableness for Solomon's above-Guidelines sentence. *United States v. Lee*, 974 F.3d 670, 676 (6th Cir. 2020) (citing *Gall*, 552 U.S. at 51). Resentencing is required if the district court "placed too much weight on some of the 18 U.S.C. § 3553(a) factors and too little on others," resulting in a sentence that "is too long."

*See United States v. Johnson*, 95 F.4th 404, 418 (6th Cir. 2024) (brackets omitted) (quoting *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018)). That said, "we must afford due deference" to a proper exercise of the district court's discretion under § 3553(a), even if we might have imposed a different sentence. *United States v. Herrera-Zuniga*, 571 F.3d 568, 591 (6th Cir. 2009).

The district court acted within its discretion when it emphasized Solomon's criminal history as it balanced the relevant § 3553(a) factors. *See United States v. Dunnican*, 961 F.3d 859, 881 (6th Cir. 2020). As discussed above, Solomon possessed a firearm during two of his prior felony offenses, both of which were violent. Though he didn't shoot the victim of his 2011 attempted felonious assault offense, Solomon orchestrated a beating that was severe enough that the victim lost two teeth and possibly fractured his left eye socket. Solomon's 2015 felonious assault conviction was much worse. He shot a person who he was trying to rob, illustrating his willingness to use a gun offensively—as opposed to just illegally possessing one. The district court also weighed the fact that Solomon committed the instant offense so quickly after his most recent community control sanction and disclaimed knowledge that he couldn't possess a firearm. In short, the district court did not abuse its discretion in concluding that Solomon's history of violent firearm-related conduct implicated a strong need to promote respect for the law, protect the public, and provide specific deterrence. 18 U.S.C. § 3553(a)(2)(A)–(C); *see United States v. Lanning*, 633 F.3d 469, 474–76 (6th Cir. 2011).

Contrary to Solomon's assertions, the district court didn't overstate the seriousness of his felon-in-possession offense. As he conceded in the plea agreement, his illegal firearm possession was connected to another felony. So the district court wasn't off-base when it said he was selling drugs "with a loaded gun, fully prepared to use it," thereby distinguishing his conduct from a simple felon-in-possession offense. R. 29, PageID 194. And the court didn't ignore the relevant

mitigating factors. It acknowledged Solomon's disadvantaged upbringing and educational efforts, as well as his physical and mental health issues. Those aspects of Solomon's history and personal characteristics simply didn't carry as much weight when compared to the details of his criminal history.

Solomon argues that there is nothing to distinguish his case from "a normal case under the governing Guidelines range," so his above-Guidelines sentence cannot withstand closer review. Appellant's Br. 30–31 (quoting *United States v. Perez-Rodriguez*, 960 F.3d 748, 754 (6th Cir. 2020)); *see United States v. Boucher*, 937 F.3d 702, 708 (6th Cir. 2019). We disagree. While it's true that an undetailed reference to a defendant's criminal history cannot justify an upward variance, district courts are permitted to consider the "exceptional severity" of a defendant's past conduct to set him apart from other offenders in the same criminal history category. *See United States v. Lightning*, 835 F. App'x 38, 42 (6th Cir. 2020). And here, the district court reasonably concluded that Solomon's proven willingness to offensively shoot another person "places him in a different level than other[s] who are simply possessing guns." R. 29, PageID 199. Therefore, the court had the discretion to vary upward, at least to some extent.

To protect against unwarranted sentencing disparities, we must examine whether the district court deviated from the Guidelines to a reasonable degree. *Boucher*, 937 F.3d at 708. Doubling or tripling the Guidelines-recommended sentencing range based on the defendant's criminal history is rarely appropriate in a typical felon-in-possession case. *See Lightning*, 835 F. App'x at 43. On the other hand, we have affirmed variances larger than the one here (close to a 25% increase) for felon-in-possession defendants who have displayed a pattern of violent conduct involving firearms. *Id.* (collecting cases). In fact, Solomon's case resembles the substantive reasonableness issue in *United States v. Jeter*, 721 F.3d 746 (6th Cir. 2013). Much like the

defendant in *Jeter*, Solomon's felon-in-possession conviction followed prior offenses involving the use or threatened use of firearms. In both cases, the advisory Guidelines range was 30 to 37 months and the district courts imposed relatively modest upward variances after concluding that relevant the aggravating factors significantly outweighed the mitigating factors. *Id.* at 757–58. Particularly after considering that Solomon's felon-in-possession offense came after he'd already shot another person, we cannot conclude that his 46-month sentence is any less reasonable than the 45-month sentence we approved in *Jeter*. *Id.*

## CONCLUSION

We affirm Solomon's 46-month sentence as procedurally and substantively reasonable.